Ben A. Kaplan
**CHULSKY KAPLAN LLC**
280 Prospect Ave. 6G
Hackensack, NJ 07601
Phone: (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff(s)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT DEGENNARO, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>LAW OFFICES OF FALONI & ASSOCIATES, LLC and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1.  The mailing addresses of the parties to this action are:

    ROBERT DEGENNARO
    12 Model Avenue, Apt. 1
    Hopewell, New Jersey 08525

    LAW OFFICES OF FALONI & ASSOCIATES, LLC
    165 Passaic Avenue, Suite 301B
    Fairfield, New Jersey 07004

**PRELIMINARY STATEMENT**

2.  Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that the Defendant, LAW OFFICES OF FALONI &

ASSOCIATES, LLC ("FALONI & ASSOCIATES") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, a resident of Mercer County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. FALONI & ASSOCIATES maintains a location at 165 Passaic Avenue, Suite 301B, Fairfield, New Jersey 07004.

8. FALONI & ASSOCIATES uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. FALONI & ASSOCIATES is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent letters and/or notices from FALONI & ASSOCIATES (See Exhibit A), which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

> a. <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that

violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. Commonality: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   i. Whether the Defendants violated various provisions of the FDCPA;

   ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

   iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. Typicality: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. Adequacy of Representation: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will

fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to August 30, 2019, Plaintiff allegedly incurred a financial obligation to CREDIT ONE BANK, N.A. ("CREDIT ONE BANK").

19. Plaintiff allegedly incurred the CREDIT ONE BANK obligation in connection with a credit card account.

20. The CREDIT ONE BANK obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

21. Plaintiff incurred the CREDIT ONE BANK obligation by obtaining goods and services which were primarily for personal, family and household purposes.

22. The CREDIT ONE BANK obligation did not arise out of a transaction that was for non-personal use.

23. The CREDIT ONE BANK obligation did not arise out of a transaction that was for business use.

24. The CREDIT ONE BANK obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. CREDIT ONE BANK and/or its predecessor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26. At some time prior to August 30, 2019, the CREDIT ONE BANK obligation was purchased by and/or sold to LVNV FUNDING, LLC ("LVNV").

27. On or before August 30, 2019, the CREDIT ONE BANK obligation was referred by LVNV to FALONI & ASSOCIATES for the purpose of collection.

28. At the time the CREDIT ONE BANK obligation was referred to FALONI & ASSOCIATES the CREDIT ONE BANK obligation was past due.

29. At the time the CREDIT ONE BANK obligation was referred to FALONI & ASSOCIATES the CREDIT ONE BANK obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

30. Defendants caused to be delivered to Plaintiff a letter dated August 30, 2019, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

31. The August 30, 2019 letter was sent to Plaintiff in connection with the collection of the CREDIT ONE BANK obligation.

32. The August 30, 2019 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

33. Upon receipt, Plaintiff read the August 30, 2019 letter.

34. The August 30, 2019 letter provided the following information regarding the balance claimed due on the CREDIT ONE BANK obligation:

Current Account Balance:   $907.01 (emphasis added)

35. The August 30, 2019 letter stated in part:

The original creditor is Credit One Bank, N.A.

The account was originally opened on or about June 19, 2014. The original account number was/is ************3782. The account was charged off on or about September 25, 2015. **The balance at the time of charge off was $850.01.** (emphasis added)

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

36. The difference between the "current account balance" and the charged off balance is $57.

37. Upon information and belief, FALONI & ASSOCIATES filed a complaint against Plaintiff in the Superior Court of New Jersey, Special Civil Part, Mercer County on or about May 3, 2016 ("COLLECTION LAWSUIT").

38. The filing fee in that COLLECTION LAWSUIT was $57.

39. No further action was taken on behalf of LVNV after filing the COLLECTION LAWSUIT and as such the COLLECTION LAWSUIT did not result in a judgment.

40. The August 30, 2019 letter does not provide any explanation of the difference between the charged off balance ($850.01) and the "current balance due" ($907.01).

41. The difference between the charged off balance ($850.01) and the "current balance due" ($907.01) is not authorized by law or by the agreement for the CREDIT ONE BANK obligation.

42. FALONI & ASSOCIATES knew or should have known that its actions violated the FDCPA.

43. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

44. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

> (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;
>
> (b) Threatening to take any action that cannot legally be taken or that is not intended to be taken;
>
> (c) Using unfair or unconscionable means to collect or attempt to collect any debt; and
>
> (d) Making a false representation of the character, amount legal status of the debt.

45. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

46. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

47. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

48. Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

49. Defendant's letter would lead the least sophisticated consumer to believe that the amount due was subject to increase.

50. Defendant's letter would cause the least sophisticated consumer to be confused as why the balance of the CREDIT ONE BANK obligation increased.

51. Defendant's letter would cause the least sophisticated consumer to believe that the balance of the CREDIT ONE BANK obligation could increase due to interest.

52. Defendant's letter would cause the least sophisticated consumer to believe that the balance of the CREDIT ONE BANK obligation could increase due to late charges.

53. Defendant's collection letter was designed to cause the least sophisticated consumer to believe that the balance of the CREDIT ONE BANK obligation was subject to increases rather than being a static balance.

54. Defendants' violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; §1692e(2)(A); §1692e(5); and § 1692e(10).

55. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

56. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

57. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that the balance could increase.

58. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that the balance of the debt.

59. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

60. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

61. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount and legal status of the debt.

62. Defendants' conduct as described herein constitutes violations of 15 U.S.C. § 1692e(2)(A).

63. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing or implying that the balance could increase.

64. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing or implying that the balance could increase due to interest.

65. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or adding interest.

66. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or adding late charges.

67. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

68. Defendants' conduct as described herein constitutes violations of 15 U.S.C. § 1692e(5)..

69. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

70. Defendants violated 15 U.S.C. § 1692e(10) stating that the amount due could increase due to additional late charges when in fact the amount due would not and did not increase due to state or federal law.

71. Defendants violated 15 U.S.C. § 1692e(10) stating that the amount due could increase when in fact the amount due would not and did not increase.

72. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

73. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

74. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

75. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

76. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

77. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

78. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: December 18, 2019

Respectfully submitted,

By: *s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: December 18, 2019

*s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff